# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RMS OF WISCONSIN, INC.,**

    **Plaintiff,**

    v.                                              Case No. 13-CV-1071

**SHEA-KIEWIT JOINT VENTURE and
J.F. SHEA CONSTRUCTION,**

    **Defendants.**

---

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER

---

This matter is before the Court on the defendants' expedited non-dispositive motion for a protective order. (Docket # 58.) The defendants seek a protective order requiring that the depositions of three employees of the defendant Shea-Kiewit Joint Venture—Stuart Lipofsky, Donnalynn Hansen, and James Eichberger—take place in Indianapolis, Indiana, rather than in Lafayette, Indiana, as requested by the plaintiff, RMS of Wisconsin, Inc., in subpoenas dated October 6, 2014. (Declaration of Stuart Lipofsky ("Lipofsky Decl.") ¶ 8, Exhs. A, B, and C, Dockets # 59, 59-1, 59-2, 59-3.) The parties agree on the date of the depositions, which are noticed for November 7, 2014. (*Id.*) The parties disagree, however, on whether the depositions should take place in Lafayette, as desired by the plaintiff, or in Indianapolis, as desired by the defendants.

RMS argues that the depositions should take place in Lafayette because the subpoenas comply with Fed. R. Civ. P. 45, which allows a party to command a deponent to appear anywhere within 100 miles of where the person is employed. (Pl.'s Resp. Br. at 2, Docket # 60.) RMS further argues that having the depositions in Lafayette will minimize the disruptions to RMS's business. RMS states that it is a smaller company than Shea-Kiewit and that RMS's president, Tammy

Miramontes, plans on attending the November 7 depositions and that if the depositions are held in Indianapolis, she will be forced to take time off work, make hotel arrangements, and disrupt her home schedule. (Declaration of Tammy Miramontes ("Miramontes Decl.") ¶¶ 5-6, Docket # 60-2.)

The defendants acknowledge that the depositions were properly noticed within the 100-mile limit imposed by Rule 45. (Defs.' Br. at 2, Docket # 58.) However, the defendants argue that holding the depositions in downtown Indianapolis would minimize the inconvenience to the deponents and would allow as little disruption of their responsibilities on the Deep Rock Tunnel Connector Project. (Lipofsky Decl. ¶ 7.) All three deponents work on a job site for the Project in the greater Indianapolis metropolitan area, approximately 69 miles from Lafayette. (Lipofsky Decl. ¶¶ 2, 7.)

Specifically, Lipofsky states that his responsibilities as Project Manager require him to be on site approximately eight hours per day, five days per week, and sometimes more, depending on the situation. (Lipofsky Decl. ¶ 4.) Lipofsky further states that Hansen, the Office Manager for the Project, is responsible for processing the payroll and union benefits, all aspects of office support, and management and supervision of accounts payable. (*Id.* ¶ 6.) Lipofsky states that Eichberger, as the Project's Purchasing Manager, is responsible for purchasing equipment and materials for the Project, inventory control, and monitoring the status of the Project goals for contracting with women-owned, minority-owned, and veteran-owned businesses. (*Id.* ¶ 5.)

RMS is correct that Rule 45(c)(1)(A) allows a party to command a deponent to appear anywhere "within 100 miles of where the person . . . is employed." Nonetheless, Fed. R. Civ. P. 26(c)(1)(B) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . specifying terms, including time and place, for the disclosure or discovery . . .

." In other words, while an examining party may set the place for the deposition wherever he or she wishes, this is subject to the power of the court to grant a protective order under Rule 26(c) designating a different place. Wright and Miller, 8A Fed. Prac. & Proc. Civ. § 2112 (3d ed).

While a court may order a defendant to appear at any convenient place, case law indicates that, in the absence of special circumstances, a party seeking discovery generally must go where the desired witnesses are normally located. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of America*, No. 08-CV-184, 2008 WL 2324617, *4 (E.D. Wis. June 5, 2008), *reversed on other grounds* 549 F.3d 1079 (7th Cir. 2008). In the case of corporate witnesses, this is the corporation's principal place of business. *See, e.g., Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ("the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when, as in this case, the corporation is the defendant.") (internal quotation omitted); *Morin v. Nationwide Federal Credit Union*, 229 F.R.D. 362, 363 (D. Conn. 2005) (finding that "good cause" requirement under Rule 26(c) was satisfied by the presumption that the deposition of a corporation by its agents and officers should ordinarily take place at its principal place of business); *WIHO, LLC v. Hubbauer*, No. 12-CV-1386, 2013 WL 6044424, *1 (D. Kan. Nov. 14, 2013) (finding that there is an "initial presumption" that a defendant should be examined at his principal place of business).

In this case, RMS agrees that Shea-Kiewit's corporate headquarters are in Indianapolis. (Docket # 60 at 3.) RMS argues, however, that moving the depositions to Indianapolis would be inconvenient to Miramontes. While a plaintiff has a right to attend the depositions, attendance is not required and the plaintiff must generally bear the cost of attending. *Sears v. American Entertainment Group, Inc.*, No. 94 C 165, 1995 WL 66411, *2 (N.D. Ill. Feb. 13, 1995); *see also Morin,* 229 F.R.D.

at 363 ("[I]t is the plaintiff who is generally required to 'bear any reasonable burdens of inconvenience that the action represents.'") (internal citation omitted). As previously stated, a party seeking discovery must go where the desired witnesses are normally located. *Girl Scouts of Manitou Council, Inc.*, 2008 WL 2324617 at *4. The underlying reason for this general rule is that it is the plaintiff who brings the lawsuit. The defendant, on the other hand, is not before the court by choice. *Id.* Although the Court is sympathetic to Miramontes' scheduling issues, RMS has not demonstrated any special circumstance overcoming the general rule that the person seeking discovery must go where the desired witnesses are normally located. As employees of the defendant corporation, there is a presumption that the deponents should be examined in Indianapolis, which the parties agree is Shea-Kiewit's principal place of business. RMS questions where in Indianapolis the depositions should occur. I am confident that the parties can find a location mutually suitable to both. The defendants' motion for a protective order designating Indianapolis, Indiana as the location for the depositions of Stuart Lipofsky, Donnalynn Hansen, and James Eichberger is granted.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motion for protective order (Docket # 58) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' motion for leave to file a reply declaration (Docket # 61) is **DENIED**.

Dated at Milwaukee, Wisconsin this 29th day of October, 2014.

> BY THE COURT
>
> *s/Nancy Joseph*
> NANCY JOSEPH
> United States Magistrate Judge