# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

RMS OF WISCONSIN, INC.,

    **Plaintiff,**

    **v.**                                Case No. 13-CV-1071

SHEA-KIEWIT JOINT VENTURE and
J.F. SHEA CONSTRUCTION, INC.,

    **Defendants.**

---

## DECISION AND ORDER ON PLAINTIFF'S MOTION
## FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

---

The plaintiff, RMS of Wisconsin, Inc. ("RMS"), seeks leave to file a third amended complaint against the defendants, Shea-Kiewit Joint Venture and J.F. Shea Construction, Inc. (collectively the "defendants"). Specifically, RMS seeks to amend its complaint to include a claim for breach of the covenant of good faith and fair dealing. (Docket # 64-1.) For the reasons stated below, RMS' motion is granted.

### COMPLIANCE WITH THE LOCAL RULES

As an initial matter, RMS' motions fails to comply with this district's local rules. Civil L.R. 7(a) requires that "every motion . . . <u>must</u> be accompanied by: (1) a supporting memorandum and, when necessary, affidavits, declarations, or other papers; or (2) a certificate stating that no memorandum or other supporting papers will be filed." (emphasis added). RMS filed its motion without a supporting memorandum articulating the basis for its motion or a certificate stating that no memorandum or other supporting papers would be filed. In its reply, RMS argues that it did not violate Civil L.R. 7(a) because the Rule allows a party to file a supporting memorandum or other

papers. RMS misreads the Rule. Civil L.R. 7(a) states that a motion must contain a supporting memorandum "and, when necessary, affidavits, declarations, or other papers." The supporting memorandum requirement is followed by the conjunction "and" as well as a list of other supporting documents that may also be filed with the memorandum, "when necessary." The other papers filed by RMS did not satisfy the memorandum or certificate requirement.

This violation of Civil L.R. 7 is a sufficient basis in and of itself to deny RMS' motion. *See* Civil L.R. 7(d) ("Failure to file either a supporting memorandum or other papers, or a certificate of counsel stating that no memorandum or other supporting papers will be filed, is sufficient cause for the Court to deny the motion."). However, as the defendants have fully put forth their position in their response brief and RMS has replied, I will not dismiss the motion as a sanction and will decide the issue on the merits. RMS should note that any future motion shall comply with the local rules or risk dismissal for noncompliance with the local rules.

Additionally, RMS is incorrect that the defendants' response brief was untimely filed under the local rules. Pursuant to Fed. R. Civ. P. 5(b)(2)(E), 5(b)(3) and 6(d), if service is made using the court's electronic transmission facilities, three days are added after the period would otherwise expire under Rule 6(a). Thus, the defendants' brief was timely.

**ANALYSIS**

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading has been filed, a party may amend his or her pleading only by leave of court or by written consent of the adverse party. Rule 15(a)(2) states that the court "should freely give leave when justice so requires." But when a party seeks to amend the pleadings after the time for doing so has passed as determined by the court's scheduling order, a two-step process applies. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719

(7th Cir. 2011). First, a court is entitled to apply the heightened good cause standard of Rule 16(b)(4), under which the primary consideration for the court is the diligence of the party seeking amendment. *Id.* at 720. Then, the court considers whether the proposed amendment should be allowed under Rule 15(a)(2), which provides that leave to amend may not be appropriate where the amendment may cause undue delay or prejudice or where it would be futile. *Id.*; *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). With the interplay of these two rules, the court is called to balance both Rule 15's liberal policy that cases generally should be decided on the merits and not on the basis of technicalities, *Stern v. United States Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977), and Rule 16's aim to prevent parties from delaying or procrastinating and to keep the case moving toward trial, *Alioto*, 651 F.3d at 720.

The parties dispute the meaning of the March 14, 2014 deadline for amendment of pleadings laid out in the scheduling order. Although the scheduling order specifically addresses a deadline for RMS to file an amended complaint addressing concerns raised by a motion to dismiss filed by the defendants (Docket # 32), the court minutes indicate the deadline applies to amended pleadings without court approval. (Docket # 33.) Given the requirement in Rule 16(b)(3)(A) that a scheduling order limit the time to amend the pleadings, I read the deadline given as generally for the amendment of pleadings. Thus, I will address RMS' request under the good cause standard that applies when leave to amend is sought after the deadline to do so has past.

As previously stated, the primary consideration under the good cause standard of Rule 16(b)(4) is the diligence of the party seeking the amendment. In its motion, RMS makes no attempt to establish good cause. This failure would also be sufficient, in and of itself, to deny RMS' motion. Again, given this circuit's preference to address issues on their merits rather than on procedure, I will

address the motion.

For the first time in its reply brief, RMS states that the "primary driving force" behind the addition of the breach of good faith and fair dealing claim is that the defendants have adopted the position that the contract between the parties is one of "time and materials" rather than a "lump sum" contract. (Docket # 66 at 4.) RMS acknowledges that the defendants first advanced this theory in their September 2, 2014 Rule 26(b)(1)(B) disclosure and that this was confirmed at the November 7, 2014 deposition of Stuart Lipofsky. (*Id.* at 5.) Although this "time and materials" position was reasserted at depositions of J.F. Shea employees on January 7, 2015 (which occurred after RMS filed its motion on December 22, 2014), it seems RMS was aware of this position as early as September 2014 and does not explain why it waited over three months to seek leave to amend its complaint. Despite RMS' failure to properly articulate good cause and even though the discovery process revealed this theory several months ago, I do not find the relatively short delay so egregious as to demonstrate a complete lack of diligence.

I will turn, then, to the interests of justice standard under Rule 15(a)(2). The defendants argue undue delay, prejudice, and futility. I am not persuaded. Regarding undue delay, although the facts underlying this new cause of action are generally the same as for the breach of contract and fraud in the inducement claims, the operative facts—the alleged switch from a "lump sum" contract to a "time and materials" contract—were not discovered until September 2014. Thus, RMS was not aware of the operative facts at the time of the original pleading.

As to prejudice, I acknowledge that discovery closes in this case in approximately one month—on March 2, 2015. However, there is no dispositive motions deadline and trial has not yet been scheduled. Thus, I conclude that any prejudice to the defendants is minimal or mitigable. RMS'

proposed amendment does not significantly alter the scope of the lawsuit and the defendants' concerns can be mitigated by allowing them additional time to conduct discovery or name expert witnesses if they wish to do so. While I appreciate that this case has been pending for sixteen months, I do not find this reason sufficient to overcome the law's preference that cases be decided on the merits.

However, there remains the issue of futility. Even if amendment is permissible, it should not be granted if the claim is futile. An amendment is considered "futile" if it would fail to survive a motion to dismiss for failure to state a claim. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.'" 556 U.S. 662, 678 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680).

Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679.

A duty of good faith and fair dealing is an implied condition in every contract and imposes a duty of cooperation on the part of both parties and an obligation to act honestly. *Northgate Motors, Inc. v. General Motors Corp.*, 111 F. Supp. 2d 1071, 1082 (E.D. Wis. 2000). Under Wisconsin law, a party seeking to show a breach of the duty of good faith and fair dealing "must show something that can support a conclusion that the party accused of bad faith has actually denied the benefit of the bargain originally intended by the parties." *Id.* (citations omitted). RMS has plead enough facts to state a claim to relief that is plausible on its face. RMS alleges that the defendants engaged in various acts of bad faith, including trying to change the terms of the contract from lump sum to time and materials. (Proposed Third Amended Complaint ¶ 74, Docket # 64-2.) RMS also alleges that the defendants never intended it to perform the full scope of the contract and refused to pay it the agreed amount under the contract. (*Id.* ¶¶ 72, 75.) This sufficiently alleges that the defendants failed to act honestly and denied RMS the benefit of the bargain. As such, I find the amendment is not futile.

## CONCLUSION

Because the amendment would not cause undue delay or prejudice to the defendants and is not futile, I will grant RMS' motion to amend its complaint as proposed.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that RMS' motion for leave to file a third amended

complaint (Docket # 64) is hereby **GRANTED**.



Dated at Milwaukee, Wisconsin this 3rd day of February, 2015.


BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge