# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RMS OF WISCONSIN, INC.,

    Plaintiff,

    v.                                       Case No. 13-CV-1071

SHEA-KIEWIT JOINT VENTURE and
J.F. SHEA CONSTRUCTION,

    Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION TO COMPEL

On February 3, 2015, RMS of Wisconsin, Inc. ("RMS"), was granted leave to file a third amended complaint against Shea-Kiewit Joint Venture and J.F. Shea Construction, Inc. (collectively the "defendants"). (Docket # 67.) In the third amended complaint, RMS, a subcontractor who is a certified by the City of Indianapolis as a minority and/or women owned business, alleges fraud in the inducement, breach of contract, and breach of the covenant of good faith and fair dealing against the defendants stemming from a subcontractor agreement it entered into with the defendants. (Third Am. Compl., Docket # 68.) RMS alleges the defendants never intended to honor the contract, but rather used RMS to fulfill a requirement imposed by the City of Indianapolis to employ women and minority owned business enterprises ("MBE/WBE"). (*Id.*) The defendants deny these allegations and have counterclaimed against RMS for breach of the subcontractor agreement. (Defendants' Ans. and Countercl., Docket # 70.)

Currently before me is the defendants' motion to compel the production of documents. (Docket # 73.) Subsequent to the filing of the defendants' motion, however, the parties informed me that they have successfully resolved all but one issue raised in the initial motion. (Docket # 76.) The

defendants now seek only an October 2012 letter from RMS' former counsel to a Special Agent at the Indianapolis Field Office of the FBI. RMS claims the letter is privileged attorney work product. (Docket #77.) For the reasons stated below, the defendants' motion to compel is granted to the extent that RMS is ordered to produce the document in question for *in camera* inspection.

## DISCUSSION

The defendants seek a letter that RMS' previous attorney, Dino Antonopolos, sent to the FBI in October 2012. RMS has asserted attorney work product as the basis for withholding the document that the defendants seek. Under Fed. R. Civ. P. 26(b)(1) parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." The information sought need not itself be admissible as long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "A party withholding otherwise discoverable materials under a claim that they are privileged or protected as work product bears the burden of proving that the materials are in fact immunized from discovery." *Brooks v. Gen. Cas. Co. of Wisconsin*, No. 06-CV-996, 2007 WL 218737, *2 (E.D. Wis. Jan. 26, 2007) (citing *United States v. Hamilton*, 19 F.3d 350, 354 (7th Cir. 1994)). Although this matter is before me based upon diversity jurisdiction, I will apply federal law to this issue because "the work product doctrine is governed by a uniform federal standard." *In re ANR Advance Transp. Co., Inc.*, 302 B.R. 607, 614 (E.D. Wis. 2003).

The defendants seek an October 2012 correspondence from RMS' former counsel to the FBI. RMS argues that the requested document does not fall within any of the defendants' discovery requests and even if it did, an attorney's letter to a third party is privileged work product. As an initial matter, RMS argues that the requested document does not fall under the defendants' discovery request. In the defendants' first request for production of documents, it seeks all documents between

- 2 -

"You and any Person," related to or containing information about the project at issue in this case and RMS' status as a women-owned business enterprise with the City of Indianapolis. (Declaration of Jessica L. Farley ("Farley Decl.") ¶ 2, Exh. A at 7, Docket # 75-1.) The discovery request defines "You" as "RMS, Inc., along with its agents, employees, representatives, predecessors, successors, assigns, parents, subsidiaries, and all other entities over which You maintain control." (*Id.* at 3.) RMS argues that its attorneys are not "agents" of RMS over which it maintains control. I do not agree with RMS' limited reading of the discovery request. The "maintain control" language modifies entities, not the list of persons. Further, an attorney certainly constitutes a representative of RMS. Thus, I find that the requested document falls under the document request.

I will now turn to whether the requested document falls under the attorney work product exception. As previously stated, the party withholding the documents under a claim that they are protected work product bears the burden of proving that the materials are in fact protected work product. The attorney work product doctrine protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). "At its core, the work-product doctrine shelters the mental processes of an attorney, providing a privileged area in which the attorney can analyze and prepare a client's case." *Design Basics LLC v. Campbellsport Bldg. Supply Inc.*, No. 13–CV–560, 2015 WL 1609144, *14 (E.D. Wis. Apr. 10, 2015). The doctrine is an "intensely practical" one, grounded in the realities of adversary litigation. *Id.* To establish work-product protection, a party must show that the document was in fact created in anticipation of litigation. *Logan v. Com. Union Ins. Co.*, 96 F.3d 971, 976 (7th Cir. 1996). In determining whether the protection applies, courts look to whether "in light of the factual context 'the document can fairly be said to have been prepared or obtained because of the

prospect of litigation.'" *Id.* at 976–77 (quoting *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1119 (7th Cir. 1983)).

On the record before me, I cannot determine whether the document in question was created in anticipation of litigation. RMS alleges that by the fall of 2012, "it was clear that the parties were hurtling towards a lawsuit." (Docket # 77 at 3.) RMS further states that the October 2012 letter "contains information regarding RMS' theory of the case and commentary on Defendants' conduct vis-à-vis RMS." (Declaration of Matthew M. Fernholz ¶ 4, Docket # 77-1.) The defendants argue that the "primary motivating purpose" for sending the letter was not to advance a civil lawsuit, but to alert the FBI to RMS' allegations of fraud in order to persuade the federal government to investigate the defendants. (Docket # 105 at 4.)

Knowing the actual purpose behind sending this letter is vital for determining not only whether the document constitutes work product, but whether waiver is potentially implicated. Voluntary disclosure of work product may constitute a waiver of the work-product privilege "unless the party with whom the work product is being shared has a common interest in litigation, either actual or prospective." *Reed v. Advocate Health Care*, No. 06 C 3337, 2007 WL 2225901, *1 (N.D. Ill. Aug. 1, 2007). Thus, in cases where attorney work product is voluntarily disclosed to governmental agencies conducting investigations, there is authority supporting waiver of work product where one voluntarily submits material to a government agency to "incite it to attack the informant's adversary." *See Info. Res. v. Dun & Bradstreet Corp.*, 999 F. Supp. 591, 593 (S.D.N.Y. 1998) In contrast, in cases where the government is already investigating the adversary and the government and the one claiming work product protection have a "common interest" and a "reasonable expectation that confidentiality of the communications would be preserved," there is authority supporting no waiver.

- 4 -

*See E.I. Du Pont de Nemours and Co. v. Kolon Industries, Inc.*, No. 09-CV-58, 2010 WL 1489966, *8 (E.D. Va. Apr. 13, 2010). Thus, based on the parties' submissions, I cannot determine whether the October 2012 letter is attorney work product and if it is, whether waiver may apply. RMS will be ordered to produce the document for *in camera* inspection.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motion to compel (Docket # 73) is **GRANTED** to the extent that no later than **June 8, 2015**, RMS must produce for *in camera* inspection the October 2012 correspondence from Attorney Antonopoulos to the FBI.

Dated at Milwaukee, Wisconsin this 1st day of June, 2015.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge