# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RMS OF WISCONSIN, INC.,

    Plaintiff,

    v.                                               Case No. 13-CV-1071

SHEA-KIEWIT JOINT VENTURE and
J.F. SHEA CONSTRUCTION,

    Defendants.

## DECISION AND ORDER DENYING DEFENDANTS' MOTION TO COMPEL

On June 1, 2015, RMS of Wisconsin, Inc. ("RMS") was ordered to produce for *in camera* review a single document that it is withholding based on attorney work product. (Docket # 106.) RMS has produced the document for my review. The document is an October 2012 letter from RMS' former counsel to a Special Agent at the Indianapolis Field Office of the FBI.

As stated in my previous Order, "[a] party withholding otherwise discoverable materials under a claim that they are privileged or protected as work product bears the burden of proving that the materials are in fact immunized from discovery." *Brooks v. Gen. Cas. Co. of Wisconsin*, No. 06-CV-996, 2007 WL 218737, *2 (E.D. Wis. Jan. 26, 2007) (citing *United States v. Hamilton*, 19 F.3d 350, 354 (7th Cir. 1994)). As support for its argument that the October 2012 letter is attorney work product, RMS argues two things: (1) by the fall of 2012 "it was clear that the parties were hurtling towards a lawsuit" (Docket # 77 at 3) and (2) the October 2012 letter "contains information regarding RMS' theory of the case and commentary on Defendants' conduct vis-à-vis RMS" (Declaration of Matthew M. Fernholz ¶ 4, Docket # 77-1). Even though "'[t]he mere fact that litigation does eventually ensue does not, by itself, cloak materials . . . with the work product

privilege,'" *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976 -977 (7th Cir. 1996) (quoting *Binks Mfg. Co. v. National Presto Indus., Inc.*, 709 F.2d 1109, 1118 (7th Cir. 1983)), it is clear that the October 2012 letter contains Attorney Antonopoulos' theory of the case in this matter. The work-product doctrine is designed to serve the dual purposes of protecting an attorney's thought processes and mental impressions against disclosure and limiting the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts. *Sandra T.E. v. South Berwyn School Dist. 100*, 600 F.3d 612, 622 (7th Cir. 2010). Thus, I find that the October 2012 letter is protected attorney work product.

My analysis does not end there, however. The defendants argue that even if the October 2012 document is protected attorney work product, RMS waived work product by voluntarily disclosing the document to the FBI. It is true that the work product protection may be waived. *Design Basics LLC v. Campbellsport Bldg. Supply Inc.*, No. 13–CV–560, 2015 WL 1609144, *15 (E.D. Wis. Apr. 10, 2015). As the court in *Info. Res. v. Dun & Bradstreet Corp.*, 999 F. Supp. 591, 591-93 (S.D.N.Y. 1998) found, decisions involving waiver by production to governmental authorities fall "roughly into three categories": (1) cases in which the government and the party asserting the work protect protection have a common interest; (2) cases in which the government and the party asserting the work protect protection are adversaries; and (3) cases in which the party asserting the work protect privilege voluntarily submitted the information to a government agency to incite it to attack the informant's adversary.

The October 2012 letter clearly does not fall into the second category. And I do not find that the document falls into the third category, either. The language of the correspondence indicates that RMS' attorney was responding to a request by the FBI, in cooperation with the FBI's investigation

of the defendants. Thus, I must determine whether the letter falls under the first category, where the government and the party asserting work product have a common interest in litigation, either actual or prospective. *See Reed v. Advocate Health Care*, No. 06 C 3337, 2007 WL 2225901, *1 (N.D. Ill. Aug. 1, 2007). Cases in this first category find no waiver in production of the work product. *Info. Res.*, 999 F. Supp. at 591. The *Reed* court explains why:

> "So long as transferor and transferee anticipate litigation against a common adversary on the same issue or issues, they have strong common interests in sharing the fruit of the trial preparation efforts. Moreover, with common interests on a particular issue against a common adversary, the transferee is not at all likely to disclose the work product material to the adversary. When the transfer to a party with such common interests is conducted under a guarantee of confidentiality, the case against waiver is even stronger."

2007 WL 2225901 at 1 (quoting *United States v. American Tel. & Tel. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980)). The October 2012 letter indicates that the FBI was pursuing an investigation of the defendants on the same issue that RMS is now litigating in this suit. An active, ongoing investigation on this same issue evidences that RMS and the FBI's interests were aligned. *But see id.* at 2 (finding no "common interest" with the government because there was no active litigation or an investigation against the common adversary). Further, even though the October 2012 letter does not include language regarding confidentiality, as the court found in *E.I. Du Pont de Nemours and Co. v. Kolon Industries, Inc.*, No. 09-CV-58, 2010 WL 1489966, *8 (E.D. Va. Apr. 13, 2010), "given the confidential nature of government investigations . . . it was reasonable for [the party asserting work product] to act on the belief that the information would not be subject to disclosure by the government." Thus, I find that RMS did not waive work product protections by its disclosure of the document to the FBI. As such, the defendants' motion to compel is denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motion to compel (Docket # 73) is **DENIED**.

Dated at Milwaukee, Wisconsin this 9th day of June, 2015.

                                              BY THE COURT

                                              *s/Nancy Joseph*
                                              NANCY JOSEPH
                                              United States Magistrate Judge