# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RMS OF WISCONSIN, INC.,

    Plaintiff,

    v.                                           Case No. 13-CV-1071

S-K JV and J.F. SHEA CONSTRUCTION,
INC.,

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

RMS of Wisconsin, Inc. filed a complaint against Shea-Kiewit Joint Venture and J.F. Shea Construction, Inc. (collectively the "defendants"), alleging fraud in the inducement, breach of contract, and breach of the covenant of good faith and fair dealing against the defendants stemming from a subcontractor agreement RMS entered into with the defendants. RMS alleges the defendants never intended to honor the contract, but rather used RMS to fulfill a requirement imposed by the City of Indianapolis to employ women and minority owned business enterprises. The defendants moved for summary judgment on RMS' fraud in the inducement claim and RMS moved for summary judgment on its breach of contract claim, asking me to find that the subcontract between the parties is a "lump sum" contract as opposed to a "time and materials" contract. I granted both parties' motions. Presently before me is RMS' motion for reconsideration of my dismissal of its fraud in the inducement claim pursuant to Fed. R. Civ. P. 59(e). For the reasons I explain below, RMS' motion is denied.

Fed. R. Civ. P. 59(e) allows a party to move the court to alter or amend a judgment within 28 days following the entry of the judgment. Rule 59(e) allows a court to alter or amend a judgment only if the plaintiff can demonstrate a manifest error of law or present newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Relief under Rule 59(e) is an extraordinary remedy reserved for the exceptional case. *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

RMS argues that I made a manifest error of law by basing my decision on an unpublished Wisconsin Court of Appeals decision and by assuming that because the defendants paid a "small portion" of the subcontract, RMS could not establish that it was fraudulently induced. (Pl.'s Br. at 1, Docket # 155.) RMS further argues that I patently misunderstood the nature of its fraudulent inducement claim. (Pl.'s Reply Br. at 2, Docket # 160.)

As to RMS' first argument, when addressing a question of state law while sitting in diversity, the Court's "task is to ascertain the substantive content of state law as it either has been determined by the highest court of the state or as it would be by that court if the present case were before it now." *Thomas v. H & R Block E. Enters.*, 630 F.3d 659, 663 (7th Cir. 2011). If the state's highest court has yet to rule on an issue, "decisions of the state appellate courts control, unless there are persuasive indications that the state supreme court would decide the issue differently." *Id.* (quoting *Research Sys. Corp. v. IPSOS Publicite*, 276 F.3d 914, 925 (7th Cir. 2002)). Here, neither party pointed to any controlling law of the

Wisconsin Supreme Court addressing whether partial performance of a contract negates an inference that a party never intended to perform the contract. The defendants cited to two Wisconsin Court of Appeals cases, one of which, *Constr. Mortgage Investors Co. ("CMIC") v. VWH Dev., LLC*, 2009 WI App 56, 317 Wis. 2d 732, 768 N.W.2d 64, was unpublished. RMS argues that it was improper for me to rely on an unpublished court of appeals decision when Wis. Stat. Rule 809.23(3)(b) provides that only unpublished decisions issued on or after July 1, 2009 can be cited as persuasive authority.[1]

As an initial matter, it was not improper for the defendants to cite *CMIC* to this Court. Civil Local Rule 7(j)(1) expressly permits the citation of unreported opinions. The more pertinent issue is whether an unpublished Wisconsin Court of Appeals decision can be relied on in making an "*Erie*[2] guess" as to how the Wisconsin Supreme Court would rule on the issue of partial performance negating an inference that a party never intended to perform the contract. RMS cites Seventh Circuit authority that a case lacking in precedential value in state court also lacks precedential value to a federal court sitting in diversity. *See Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1370 n.10 (7th Cir. 1995). However, in a more recent Seventh Circuit decision, the court considered an unpublished decision of an Illinois Court of Appeals that could not be cited as precedential before that court, but afforded it "less weight than a published decision" in attempting to make an "*Erie* guess." *See Zahn v. North American Power & Gas, LLC*, No. 15-2332, 2016 WL 850958, at *9 (7th Cir. Mar. 4, 2016). This case, however, does not turn on just the unpublished *CMIC*.

As cited in my summary judgment decision, *Wausau Med. Ctr. v. Asplund*, 182 Wis. 2d 274, 514 N.W.2d 34 (Ct. App. 1994), addresses the issue of partial performance of a

---

[1] *CMIC* was issued on March 4, 2009.
[2] *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

contract negating an inference of fraudulent intent. In *Wausau Med. Ctr.*, the defendant signed an employment contract that contained a covenant not to compete. Forty-five days after he started his employment, the defendant informed his employer that he was quitting. His former employer sued him for intentional misrepresentation, arguing that the defendant intentionally mispresented his interest in returning to work for the plaintiff. The court found that the defendant's statement did not meet the second element of misrepresentation—that the representation was false—because he did, in fact, return to work for the plaintiff. *Id.* at 291, 514 N.W.2d at 42. Thus, even casting aside the unpublished *CMIC*, the decision here comports with *Wausau Med. Ctr.*, a published Wisconsin Court of Appeals decision. RMS' objection to *CMIC* notwithstanding, it has not shown my reliance on *Wausau Med. Ctr.* was a manifest error of law.

Next, RMS argues that I misunderstood its fraudulent inducement claim. RMS states that it "is not arguing that Defendants never intended for RMS to so much as dig a ditch"; rather, the defendants had a plan to give RMS partial payouts, "just not the entire amount of the $6.785 million subcontract." (Pl.'s Reply Br. at 2.) Wisconsin law is clear; however, that "[a]n action at law for fraud, however, cannot be predicated on unfulfilled promises unless the promisor possessed the present intent not to perform." *Hoffman v. Red Owl Stores, Inc.*, 26 Wis. 2d 683, 695, 133 N.W.2d 267, 273 (1965). RMS is arguing that the defendants never intended to fulfill the entire $6.785 million subcontract; rather, the defendants only intended to give RMS partial payments. (Pl.'s Br. at 2-3, Pl.'s Reply Br. at 2.) This argument is akin to a unfulfilled promise, which is not misrepresentation. *See Schurmann v. Neau*, 2001 WI App 4, ¶ 10, 240 Wis. 2d 719, 624 N.W.2d 157 ("[A]n action for misrepresentation cannot be based on future events or facts not in existence when the representation was

4

made, or on unfulfilled promises."). In order to be fraudulent, one must show a present intent not to perform. Wisconsin law indicates that partial performance negates an inference of a present intent not to perform. *See Wausau Med. Ctr.*, 182 Wis. 2d at 291, 514 N.W.2d at 42 ("Asplund's return also renders the exception to the 'preexisting fact' fact rule-where the promisor at the time the promise was made, had a present intention not to perform-inapplicable."). In this case, it is undisputed that between January 25, 2012 and March 18, 2012, RMS submitted invoices to the defendants and the defendants paid the invoices, subtracting the amount paid from the contract price of $6,785,000. (Declaration of Mark M. Leitner ¶¶ 13-17, 24-25, 28, 30, 33-35, Exhs. 11-15, 22-23, 26, 28, 31-33, Docket # 127.) It is also undisputed that the defendants paid RMS a total of $467,947.77 under the contract. (Pl.'s Resp. to Defs.' Proposed Statement of Facts ¶ 19, Docket # 112.) This is a far cry from a finding, as RMS cautions, that "a party who terminates a contract after paying as little as $1 on a $1 billion subcontract could never, as a matter of law, be guilty of fraudulent inducement." (Pl.'s Reply Br. at 4.) Thus, once again, RMS has not shown a manifest error of law.

Finally, RMS argues that because it has the ability to appeal the dismissal of its fraud claim, I should allow the fraud in the inducement claim to go to the jury in order to preserve judicial resources. (Pl.'s Br. at 4.) This argument is unavailing and defeats the purpose of summary judgment, which is to avoid unnecessary trials. If the chance of being overturned on appeal was a factor for a court to consider in granting summary judgment, summary judgment would never be granted. RMS has not shown a manifest error of law; thus, its motion for reconsideration is denied.

5

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for reconsideration (Docket # 154) is **DENIED**.

Dated at Milwaukee, Wisconsin this 31st day of March, 2016.

                                            BY THE COURT:

                                            *s/Nancy Joseph*_____
                                            NANCY JOSEPH
                                            United States Magistrate Judge